[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The state indicted appellant Gregory Hargrove on two counts of gross sexual imposition and one count of rape. All three counts involved Hargrove's alleged conduct with his girlfriend's twelve-year-old daughter. Hargrove waived his right to a jury trial and had his case tried to the bench. The trial court acquitted him of the rape count and convicted him on the two counts of gross-sexual-imposition. Hargrove was sentenced to four years' incarceration on each of the gross sexual imposition convictions, with the sentences to be served concurrently, and was also found to be a sexually-oriented offender.
In his appeal, Hargrove raises one assignment of error in which he contests both the weight and the sufficiency of the evidence supporting his conviction. To reverse a conviction on the sufficiency of the evidence, a reviewing court must determine that no "rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[1] In contrast, to reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine that the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
R.C. 2907.05(A)(4) prohibits a defendant from having sexual contact with a person who is not the spouse of the defendant if the person is less than thirteen years old. The state presented evidence that Hargrove was the boyfriend of the victim's mother and not the victim's spouse; that the victim was twelve years old; and that Hargrove touched the victim's breasts and her vagina on more than one occasion. Thus, we conclude that any rational trier of fact could have found that the essential elements of gross-sexual-imposition were proved beyond a reasonable doubt.
During its case-in-chief, the state called as a witness the police officer who had interviewed Hargrove. She testified that he initially denied the allegations, but then explained that he had touched the victim to illustrate the difference between "good touching" and "bad touching." Hargrove used an anatomically-correct doll to demonstrate his actions with the victim. The tape of the interview was played to the trial court.
Hargrove testified at trial and denied that he had ever touched the victim's breasts or vagina. His testimony indicated that the victim's family was angry with him for accusing the victim's older brother of stealing his ring. Hargrove explained that he made up his statement to the police about teaching the victim the difference between "good touching and "bad touching" because he was intimidated by the police and believed that providing a "parental" explanation would not incriminate him.
While the witnesses presented different versions of the situation, it was left to the trial court to determine which witnesses were more credible. We have reviewed the record, weighed the evidence, and considered the credibility of the witnesses, and we conclude that the trial court did not lose its way or create a manifest miscarriage of justice
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
 To the Clerk:
Enter upon the Journal of the Court on April 5, 2000
per order of the Court.
 _________________ PRESIDING JUDGE DOAN
[1] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720.